UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RODNEY BAILEY,

                    Petitioner,              06 Civ. 5811(PKC)

    -against-

                                                     ORDER ADOPTING REPORT
                                                      AND RECOMMENDATION

ROBERT ERCOLE, Superintendent Green
Haven Correctional Facility,
                    Respondent.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Rodney Bailey was convicted in Supreme Court, New York County, and sentenced as a persistent violent felony offender, to an indeterminate prison term of twenty-five years to life for the crime of Robbery in the Second Degree. N.Y. Penal L. § 160.10(1). Mr. Bailey, proceeding pro se, has petitioned for a writ of habeas corpus. 28 U.S.C. § 2254.

        The robbery took place on August 17, 2002 near 7th Avenue and 47th Street in Manhattan. Kevin Mattessich witnessed a white man chasing two black men near Broadway and 47th and 48th Streets and that they were running down into the subway. From his car, he telephoned 911 to report what he saw and described the clothing of the person who turned out to be the robbery victim.

        Petitioner's counsel had sought the 911 tape as part of an omnibus discovery motion filed on or about December 24, 2002 and in a letter received by the prosecutor on or about January 16, 2003. It was later learned, after the prosecutor subpoenaed the tape in March 2003, that it had been erased on January 15, 2003. The prosecutor produced the "Sprint report," a written summary of the 911 call.

The victim testified at trial as well as two officers who chased down and arrested petitioner with two one-hundred dollar bills in his hand, the exact amount of the unrecovered stolen money. Mattessich, the 911 caller, also testified and was cross-examined on discrepancies concerning location and the attire of the complainant between the Sprint report and his trial testimony. Counsel for petitioner argued to the trial judge that portions of the testimony of Mattessich should be stricken because of the erased 911 call or an adverse-inference charge given to the jury. The Court did not grant the request.

The petition filed in this court alleged that petitioner was deprived of rights protected by the Constitution because of the state's failure to preserve the 911 tape or otherwise afford meaningful relief to petitioner because of its destruction. He also challenged the court's reasonable doubt instruction and argued that his sentence was improper, retaliatory and excessive.

This Court referred the petition to Magistrate Judge Dolinger to hear and report. The Magistrate Judge issued a 39-page thoughtful Report and Recommendation recommending that the petition be denied.

Petitioner timely objected to the R & R. In his objection, he focused upon issues relating to the non-preservation of the 911 recording. There is a passing reference to the Court's reasonable doubt instruction and no mention of any issue relating to sentencing. "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, . . . [t]his rule . . . is a nonjurisdictional waiver provision, and its violation may be excused in the interests of justice." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citations omitted); see also United States v. Male Juvenile, 121 F.3d 34, 39 (2d Cir.

1997). "Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate." DeLeon, 234 F.3d at 87 (citation and internal quotations omitted). Having reviewed the R & R in its entirety, as well as the objections, I find no reason to review de novo issues relating to the sentence imposed by the trial court.[1] I have reviewed de novo the claims (and the record on which they are based) relating to the reasonable doubt instruction and the non-preservation of the recording of the 911 call.

I find the R & R to be well reasoned and thoroughly grounded in law. I agree that the issues relating to the 911 tape and the reasonable doubt instruction are procedurally barred and no relevant exception preserves the issues for review. Having reviewed the record, I have several observations to add, but in doing so I do not intend to supplant the analysis set forth in the R & R.

There was no injustice in the manner in which the 911 tape erasure issue was handled by the prosecutor or the trial court. The master tape was erased days after the Christmas Eve omnibus discovery motion was made by petitioner's counsel. There is no evidence that anyone associated with the erasure knew of petitioner's counsel's motion. Nor is there any basis to conclude that any member of the prosecution team had heard the recording before its erasure. There is no evidence of any intention to gain tactical advantage by the erasure of the tape.

Significantly, the 911 caller testified at trial and was subjected to cross-examination. The Sprint report was preserved and produced and contained discrepancies with the testimony. The prosecutor affirmatively stated that she had no objection to the admission of the

---

[1] Petitioner's claim regarding sentencing is that it was excessive, penalized him for going to trial and was the product of the trial judge's empathy or personal identification with the robbery victim. I discern no Apprendi-type challenge to the sentence. See Apprendi v. New Jersey, 530 U.S. 466 (2000).

Sprint report into evidence (Tr. 172); it does not appear to have been offered by the defense in original or redacted form. The testimony of the 911caller, who had been seated in an automobile and did not see the robbery, was not a key component of the prosecution's case, although it did place the trio—the victim and two suspects—headed down the subway stairs. The evidence against petitioner was strong and included in-court identification by the victim and the two one-hundred dollar bills in his hand at the time of his arrest.

The state court's charge on the presumption of innocence and reasonable doubt did not violate any right of defendant protected by the constitution or federal law. (Tr. 221-223.) The cited portions of the trial judge's extemporaneous comments (Tr. 227), the transcription of which appears garbled, did not undercut the force of his proper instructions on the presumption of innocence and reasonable doubt when considered in the context of the jury instructions as a whole. No objection was raised to the instructions.

The R & R is adopted in its entirety, and the petition is DENIED. The Clerk is directed to enter judgment in favor of the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies that any appeal from this order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
January 11, 2008